UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAUREN T. MONCRIEF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| ASHTON GARDENS ATLANTA, | ) |
| LLC and BRAD SCHREIBER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

COMES NOW the Plaintiff Lauren T. Moncrief ("Moncrief" or "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint showing the Court as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit against Ashton Gardens Atlanta, LLC ("Ashton Gardens" or "Defendant") and Brad Schreiber ("Schreiber" or "Defendant") (collectively "Defendants") to recover unpaid wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In addition to her federal

1

causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit, and (3) promissory estoppel.

2. Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wages for all hours worked and for all overtime hours worked at a rate of time and one-half the required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked above 40 in a workweek, and failing to pay Plaintiff all wages and overtime compensation owed on a timely basis. Plaintiff is entitled to unpaid minimum wages from Defendants for all hours worked by Plaintiff for which she did not receive any payment, unpaid overtime premiums for hours worked above 40 in a workweek for which she did not receive overtime at time and one-half her regular rate, and is also entitled to liquidated damages, pursuant to the FLSA.

## PARTIES

3. Plaintiff is an adult individual and a resident of Georgia who worked for Defendants under the job title of "Kitchen Lead" beginning in March, 2013, and continuing until her employment ended on or about January 23, 2014 (the "relevant period").

2

4. According to its website, www.ashtongardens.com, Defendant Ashton Gardens operates venues in Georgia and Texas that provide space for special events, such as wedding receptions and banquets.

5. According to its website, www.ashtongardens.com, Defendant Ashton Gardens's "culinary team" prepares meals for the special events held at its facilities.

6. Defendant Ashton Gardens is a Texas corporation with its principal place of business located at 525 N. Sam Houston Parkway East, Suite 405, Houston, Texas 77060.

7. As reflected in the corporate filings contained on the Georgia Secretary of State's website, Defendant Ashton Gardens is a foreign for-profit corporation incorporated in Texas registered to do business in Georgia, and may be served with process through its registered agent, John Cleveland Hill, Esq., at 1815 Lockeway Drive, Suite 106, Alpharetta, Georgia 30004, located within this judicial district.

8. Defendant Schreiber is a Texas resident. He is subject to service at Defendant Ashton Gardens's principal place of business located at 525 N. Sam Houston Parkway East, Suite 405, Houston, Texas 77060.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

11. Plaintiff was employed by Defendants in this judicial district, Defendants are authorized to do business in this judicial district, Defendant Ashton Gardens's registered agent is located in this judicial district, and venue is therefore proper in this Court.

12. Defendant Schreiber conducts significant business in this judicial district. Defendant Schreiber is therefore subject to the personal jurisdiction of this Court pursuant to Georgia's long arm statute, O.C.G.A. § 9-10-91.

13. Plaintiff was an "employee" during her employment with Defendants as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

14.     Defendant Ashton Gardens was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

15.     Defendant Ashton Gardens was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

16.     At all times throughout the relevant period, Defendant Schreiber was in fact Ashton Gardens's corporate officer.

17.     At all times throughout the relevant period in this Complaint and thereafter, Defendant Schreiber was responsible for classification of Plaintiff's overtime status and for payment of Plaintiff's wages under the FLSA, and was a corporate officer with operational control of Ashton Gardens's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for

5

Ashton Gardens's failure to pay wages and overtime compensation to Plaintiff in violation of § 207 of the FLSA.

18. Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her employment with Defendants during the relevant period.

19. Plaintiff was covered by the minimum wage and maximum hours provisions of the FLSA throughout her employment with Defendants as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

20. Jurisdiction and venue are therefore proper in this action.

## **FACTS**

21. Each of the following allegations pertains and applies to Plaintiff throughout all or a substantial part of the relevant Period.

22. Plaintiff was paid as an hourly employee beginning in March, 2013 until approximately October, 2013.

23. Plaintiff was hired as a part-time "Kitchen Lead," with an hourly rate of $11 per hour; however, Plaintiff regularly and customarily worked in excess of 40 hours during most workweeks during the relevant period.

24. Beginning in approximately late April, 2013, Defendants ceased paying Plaintiff for all hours that she worked as a Kitchen Lead.

25. Beginning in or about October, 2013 and continuing until the end of her employment, Defendants paid Plaintiff what Defendants referred to as a "salary" for performing the same work she performed as an hourly-paid Kitchen Lead.

26. At all times beginning in or about late April, 2013, during the period in which Plaintiff was an hourly-paid employee, Plaintiff was not paid for all hours worked, and therefore Defendants failed to pay Plaintiff minimum wages for all hours worked in violation of the FLSA.

27. By way of non-exhaustive example, during the relevant period when Plaintiff was an hourly-paid employee, Plaintiff worked approximately 55-65 hours in one or more workweeks. Her time was initially recorded by clocking in and out each workday. Beginning in late-April, 2013, her supervisor asked her to cease clocking in and out and informed her that he would enter her time at the end of the week and "give" her additional hours, which were to exceed the highest total of hours of the other hourly kitchen employees.

28. After Plaintiff ceased clocking in and out, Plaintiff noticed that when her supervisor entered her hours, the number of hours he recorded were often less than the number of hours she actually worked. For example, some workweeks he recorded her hours at either exactly 40 hours, or he recorded her hours at less than 40 hours, despite Plaintiff's recollection of working more than 40 hours in those workweeks.

29. By way of non-exhaustive example, during the workweek ending June 2, 2013, Plaintiff's time records indicated that she worked exactly 40 hours, even though Plaintiff recalls working greater than 40 hours that workweek.

30. In other workweeks, Plaintiff's supervisor recorded more than 40 hours in a workweek for Plaintiff, but failed to record the actual number of overtime hours worked by Plaintiff, where the actual number of hours Plaintiff worked was higher than the amount recorded.

31. Because Plaintiff's supervisor did not record Plaintiff's actual hours worked and because even if her supervisor recorded hours worked for Plaintiff exceeding 40 in a workweek, the total hours recorded by her supervisor did not compensate Plaintiff for all hours worked, Defendants failed to pay Plaintiff

minimum wages for hours worked in one or more workweeks in violation of the FLSA.

32. In approximately May, 2013, Plaintiff complained to Corporate Chef Jose Rivera, who worked at Defendant Ashton Gardens's Atlanta-area facility, that she was not getting paid for all of the hours that she worked.

33. In approximately May, 2013, Plaintiff complained to Executive Chef Larry White that she was not being paid for all hours worked, including the proper amount of overtime pay. Larry White told her he would "make it right" and in June, 2013 Defendants raised her hourly rate from $11 per hour to $12 per hour.

34. In approximately August, 2013, Plaintiff told Defendant Schreiber that she was going to look for other employment because she was not being paid for all of her hours worked, including the proper amount of overtime pay.

35. In approximately September, 2013, Plaintiff once again complained to Jose Rivera that she was not being paid for all of the hours she worked, including the proper amount of overtime pay. As a result, in September, 2013, Defendants again raised Plaintiff's hourly rate, this time from $12 per hour to $13 per hour.

36. In approximately October, 2013, Defendant Schreiber made the decision to place Plaintiff on a salary of $32,000.

37. Plaintiff's job duties did not change when she became a salary-paid employee.

38. After becoming a salary-paid employee, Plaintiff continued to average between 55-65 hours in one or more workweeks during the relevant period.

39. When Defendants changed Plaintiff to a salary-paid employee, Defendants promised Plaintiff certain benefits, such as health insurance coverage and paid time off ("PTO").

40. In December, 2013, Plaintiff gave notice to Defendants that she intended to take a few PTO days that month, and Plaintiff was approved to take those PTO days. However, when she received her next paycheck, she noticed that her pay had been docked for the PTO days she took off.

41. At all times during the relevant period, and upon information and belief, Defendants suffered or permitted Plaintiff to work in excess of 40 hours per workweek during the relevant period without receiving the legally required amount of overtime wages from Defendants for all overtime hours worked by her as required by the FLSA.

42. Defendants knew and should have known that Plaintiff was covered by the minimum wage, maximum hour and overtime payment requirements of the FLSA.

43. Defendants' failure to pay Plaintiff the minimum wages and overtime compensation required by the FLSA was willful.

44. Upon information and belief, Defendants have failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## COUNT ONE:

## FLSA – MINIMUM WAGES

45. All previous paragraphs are incorporated as though fully set forth herein.

46. Plaintiff was an employee entitled to the minimum wage compensation for each hour worked as required by the FLSA throughout her work for Defendants during the relevant period.

47. On numerous occasions between April, 2013 and October, 2013, Plaintiff worked hours for which Defendants failed to pay her the legally required minimum wages in violation of 29 U.S.C. § 206(a)(1)(C).

48. As a result of Defendants' failure to pay Plaintiff any wages for certain hours between April, 2013 and October, 2013, Plaintiff was not paid minimum wages for all hours worked in one or more workweeks, and therefore Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206(a)(1)(C).

49. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages for the legally required amount of compensation, including actual and liquidated damages, prejudgment interest, reasonable attorneys' fees and costs and disbursements of this action.

## COUNT TWO:

## FLSA – OVERTIME

51. All previous paragraphs are incorporated as though fully set forth herein.

52. Plaintiff was an employee entitled to the overtime compensation required by the FLSA throughout her work for Defendants during the relevant period.

53. Despite being aware that the FLSA applied to Plaintiff, Defendants violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and a half times her proper regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

54. Defendants failed to pay Plaintiff the overtime compensation owed to her under, and in the manner required by, the FLSA for all of her hours worked over 40 in a workweek during the relevant period at the regular rate required under the FLSA.

55. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA.

56. Plaintiff is entitled to a judgment awarding recovery of her back overtime pay at the rate of one and a half times her applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorneys' fees, and costs pursuant to 28 U.S.C. § 216(b).

## COUNT THREE:

## BREACH OF CONTRACT

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Plaintiff and Defendants were parties to a contract of employment (hereinafter "the Contract") from in or about March, 2013 through on or about January 23, 2014.

59. The Contract provided that Defendants would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendants.

60. Defendants' failure to pay Plaintiff for work performed from in or about April, 2013 through October, 2013 constitutes a material breach of the Contract.

61. As a direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT FOUR:

## QUANTUM MERUIT

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Beginning in March, 2013 and continuing through on or about January 23, 2014, Plaintiff served as a Kitchen Lead for Defendants.

14

64. Plaintiff's service as a Kitchen Lead for Defendants as described above was valuable to Defendants.

65. Defendants requested Plaintiff's service as a Kitchen Lead.

66. Defendants knowingly accepted Plaintiff's service as a Kitchen Lead.

67. The receipt of Plaintiff's services as a Kitchen Lead for Defendants without compensation would be unjust.

68. Plaintiff expected to be compensated at the time she provided her services as a Kitchen Lead.

69. Plaintiff is entitled to recover from Defendants the reasonable value of the services she provided as a Kitchen Lead for Defendant, in an amount to be determined at trial.

## COUNT FIVE:

## PROMISSORY ESTOPPEL

70. All previous paragraphs are incorporated as though fully set forth herein.

71. In or about March, 2013, Defendants promised to pay Plaintiff in return for Plaintiff's services as a Kitchen Lead for them.

72. Defendants should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Kitchen Lead for Defendants.

73. Defendants' promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Kitchen Lead for Defendants, to her detriment.

74. Plaintiff's service as a Kitchen Lead for Defendants conferred a benefit on Defendants.

75. Defendants failed to pay Plaintiff in accordance with their promise.

76. Plaintiff relied on Defendants' promise.

77. Plaintiff's reliance on Defendants' promise was reasonable.

78. Justice can only be served by enforcement of Defendants' promise.

79. Plaintiff is entitled to recover from Defendants the reasonable value of the services she provided as a Kitchen Lead for Defendants, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendants finding a violation of the FLSA and the pendent state law claims and awarding the following relief:

1. Order Defendants to pay Plaintiff her back unpaid wages at the legally required rate and her back overtime pay at time-and-a-half her applicable regular rate for all hours worked over 40 in a workweek during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Award judgment to Plaintiff against Defendants for the pendent state law claims herein asserted in amounts to be proved at trial;

3. Order Defendants to pay Plaintiff her costs and attorneys' fees; and

4. Grant such further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 29th day of January, 2016.

                                      */s/ Jerilyn E. Gardner*
                                      C. Andrew Head
                                      Georgia Bar No. 341472
                                      Jerilyn E. Gardner
                                      Georgia Bar No. 139779
                                      Attorneys for Plaintiff

                    HEAD LAW FIRM, LLC
                    1170 Howell Mill Road, N.W.
                    Suite 305
                    Atlanta, Georgia 30318
                    Telephone: (404) 924-4151
                    Facsimile: (404) 796-7338
                    Email: ahead@headlawfirm.com
                            jgardner@headlawfirm.com